287 So.2d 305 (1973)
THE FLORIDA BAR, Petitioner,
v.
Samuel CARMEL, Respondent.
No. 43880.
Supreme Court of Florida.
December 5, 1973.
Rehearing Denied January 23, 1974.
Leonard Rivkind, Miami Beach, Richard C. McFarlain, Tallahassee, and Clifford L. Davis, Pensacola, for petitioner.
Howard L. Silverstein of Gilbert & Silerstein, Miami, for respondent.
PER CURIAM.
This cause is before us on petition of The Florida Bar, charging respondent with the unauthorized practice of law. In response thereto, respondent has filed a pleading entitled, "Answer, Defenses and Motion to Dismiss."
The petition of The Florida Bar reads, in pertinent part, as follows:
"V. At all times material herein
"(A) Respondent was and is a resident of Ft. Lauderdale, Broward County, Florida.
"(B) Respondent was not and is not a member of The Florida Bar and was not and is not therefore licensed to engage in the practice of law in the State of Florida.
* * * * * *
"VII. The Respondent has engaged in the unauthorized practice of law in the State of Florida, and in particular Dade, Broward, and Palm Beach Counties by one or more of the following:
"(a) Respondent advertises to the general public to perform services of preparing, filing and releasing mechanics and materialman's liens on property.
"(b) Respondent provides a so called "kit" to customers with information on legal rights concerning mechanics liens with advice on when, how and where to file and legal effect therof.
"(c) Respondent advises as to the time for notice and other procedural law relating to mechanics lien, prepares and signs as agent notices of commitment, claims of lien and releases.

*306 "(d) Respondent, upon failure by builders to pay his customers, writes letters for said customers threatening to file liens and signs as agent of the customer.
"(e) On or about June 19, 1972, in Broward County, Florida, Respondent prepared, signed and filed a claim of lien on behalf of Air Kool Services, Inc.
"(f) On or about September 27, 1972, Respondent prepared, signed and served on William and Elizabeth T. Flynn a Notice to Owner on behalf of Air Kool Services, Inc., in Dade County, Florida.
"(g) Respondent searches public records to obtain information of claims and liens, ascertains whether legal description matches street address and other information on property in order to advise customers on how to best protect their legal rights via Mechanics' Lien Law of Florida.
"(h) Respondent at all times charges fees for this service.
"(i) That the reliance on the legal advice and services provided by Respondent does cause grievous and irreparable harm to individuals throughout the State of Florida."
Respondent's "Answer, Defenses and Motion to Dismiss" reads, in pertinent part, as follows:
"[T]he allegations in Paragraph VII are denied and Respondent further denies that he has engaged in the unauthorized practice of law within the State of Florida and specifically denies the allegations in Sub-Paragraphs (a), (b), (c), (d), (e), (f), (g), (h) and (i).
* * * * * *
"DEFENSES AND MOTION TO DISMISS.
"The Respondent, by and through his attorneys, moves to dismiss the Petition Against UnAuthorized Practice of Law and to discharge the Rule To Show Cause entered herein by this Honorable Court, on the grounds that said Petition fails to state a cause of action against the Respondent, and as defenses to this action says:
"(1) That the allegations either as a whole or severally do not constitute the unauthorized practice of law, and the acts alleged constitute soley [sic] mechanical acts not requring [sic] legal training or a license to practice law.
"(2) That no legal judgments or opinions are made or offered; that any citizen has the right of access to public records including all public documents of record.
"(3) That the collection of delinquent accounts is not a legal matter per se and the Respondent is not charged with filing suit or representing parties in judicial proceedings.
"(4) That it is not the practice of law to charge for services such as looking up legal descriptions, preparing and filing notice to owners or liens under the Mechanic Lien Law, or collecting delinquent debts; that the very Legislation establishing lien rights contemplates that same will be filed by lay persons as do the statutory forms prescribed by law. See Sec. 713.06-08 F.S.A. That historically, banks, trust companies, title companies, trade associations, bookkeepers, accountants, credit managers and others perform the same acts without a license to practice law and not contrary to the public welfare.
"(5) That the Respondent performs only specific acts for which a specific charge is made, to-wit, the filing of a notice to owner, which is not a recorded instrument, and the filing of a claim of lien which is a recorded instrument, and in both cases the Respondent does so pursuant to written consent from the customer.
"(6) That the Petition fails to show where irreparable harm has been or is being caused to the public.

*307 "(7) That a layman specializing in a single task can often perform that task better and more economically than a professional.
"(8) That the original complaining party herein is a member of the Bar who had fifteen liens filed against him. Out of all of such liens filed only five were filed properly and two of those were filed by the Respondent.
"(9) That since the hearing conducted by the Bar, the Respondent has limited all advertising to trade publications; has refrained from giving any `legal' advice, has delegated the ultimate responsibility for the filing of mechanics liens to attorneys, and as always in all cases, has recommended that his customers use their own attorneys if any `legal' proceedings are necessary."
In its petition, The Florida Bar sought the following relief:
"Petitioner prays as follows:
"1. That this Court issue its order directed to Respondent Samuel Carmel, commanding the said Respondent to show cause, if any there be, why Respondent should not be adjudged in contempt of this Court for the unauthorized practice of law in the State of Florida.
"2. That this Court issue a permanent injunction preventing and restraining the Respondent from engaging in the acts complained of and from otherwise engaging in the practice of law in the State of Florida.
"3. That this Court grant such other and further relief as to it may seem meet and proper."
While we agree with the Florida Bar that all of the foregoing conduct on the part of respondent constitutes the unauthorized practice of law, we decline to follow the recommendation that respondent, at this point in time, be held in contempt of this Court. We do however, hereby issue a permanent injunction, restraining respondent from engaging in the acts complained of, and from otherwise engaging in the practice of law in the State of Florida. Upon proof of any subsequent violation of the terms of this permanent injunction, respondent will be held in contempt of this Court.
It is so ordered.
CARLTON, C.J., and ROBERTS, BOYD, McCAIN and DEKLE, JJ., concur.